UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JUAN GODINEZ CORTES, on behalf of themselves and all others similarly situated,<br><br>                    Plaintiff,<br><br>-against-<br><br>SULTAN ALMUNTASER, 467 SANAA STAR INC, 467 STAR DELI INC., WOW STAR DELI INC., and NYC STAR DELI INC.,<br><br>                    Defendants, | Case No.:<br><br>**COMPLAINT**<br><br>**COLLECTIVE ACTION** |

Plaintiff, JUAN GODINEZ CORTES, individually and on behalf of all others similarly situated, by his attorneys, upon personal knowledge as to themselves and upon information and belief as to all other matters, complaining of Defendants, SULTAN ALMUNTASER, 467 SANAA STAR INC, 467 STAR DELI INC., WOW STAR DELI INC., and NYC STAR DELI INC (collectively "Defendants") alleges:

1. **NATURE OF ACTION**

    1.     This is a wage and hour action. This action seeks to recover unpaid minimum and overtime wages, spread of hours, statutory and liquidated damages, and other monies pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA"), and the New York Labor Law § 190, et seq. ("NYLL").

2. **JURISDICTION AND VENUE**

    2.     This Court has subject matter jurisdiction of this case pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331 and 1337, and has supplemental jurisdiction over Plaintiff's claims under the NYLL pursuant to 28 U.S.C. § 1367.

3.      Venue is proper in the Southern District of New York under 28 U.S.C. § 1391, as the Star Deli is in the Southern District of New York.

## 3.  THE PARTIES

### 3.1.  PLAINTIFF

#### 3.1.1. Plaintiff JUAN GODINEZ CORTES

4.      Plaintiff JUAN GODINEZ CORTES was employed as a deli worker at Star Deli located at 467 W 125TH ST, NEW YORK, NY, UNITED STATES, 10027.

5.      A written consent form for Plaintiff, JUAN GODINEZ CORTES, was filed with this collective complaint.

6.      Plaintiff, JUAN GODINEZ CORTES, was engaged in the production or in the handling or selling of, or otherwise working on, goods or materials that have been moved in or produced for commerce.

7.      Throughout his employment, Plaintiff, JUAN GODINEZ CORTES, was an employee of Defendants within the meaning of the FLSA and NYLL.

### 3.2.  DEFENDANTS

8.      Star Deli is located at 467 West 125th Street, New York, New York 10027.

9.      Star Deli operates using the phone number 646-590-3100.

10.     Star Deli also operates using the phone number 212-678-7070

11.     Star Deli has approximately four employees.

12.     Star Deli is currently in business.

#### 3.2.1.  Defendant SULTAN ALMUNTASER

13.     Defendant SULTAN ALMUNTASER is the owner of Star Deli.

14.     Defendant SULTAN ALMUNTASER also uses the nickname "Saja."

15.     Defendant SULTAN ALMUNTASER's phone number is 347-636-4796.

16.     Upon information and belief, Defendant SULTAN ALMUNTASER resides at 433 W 126TH ST # 3 NEW YORK, NY 10027-2509.

17.     Defendant SULTAN ALMUNTASER has the power to hire, fire, supervise, set pay rates, set employee and Plaintiff's work hours, and the power to keep payroll records.

18.     Defendant SULTAN ALMUNTASER hired Plaintiff.

19.     Defendant SULTAN ALMUNTASER supervised Plaintiff.

20.     Defendant SULTAN ALMUNTASER set Plaintiff's work hours and schedules.

21.     Defendant SULTAN ALMUNTASER paid Plaintiff.

22.     Defendant SULTAN ALMUNTASER kept Plaintiff's payroll records to the extent any existed.

23.     Defendant SULTAN ALMUNTASER is Plaintiff's employer as a matter of economic reality.

24.     Defendant SULTAN ALMUNTASER is Plaintiff's employer under the FLSA and NYLL.

25.     Defendant SULTAN ALMUNTASER is listed on one or more UCC filings with Defendant NYC STAR DELI INC.

### 3.2.2.  <u>Defendant 467 SANAA STAR INC.</u>

26.     Defendant 467 SANAA STAR INC. is a domestic business corporation, licensed to do business and doing business in New York with a service of process agent at the address 467 W 125TH ST, NEW YORK, NY, UNITED STATES, 10027.

27.     Defendant 467 SANAA STAR INC is an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

28.     Defendant 467 SANAA STAR INC had an annual gross volume of sales in excess of $500,000 within the three years prior to the filing of this Complaint.

29.    Defendant 467 SANAA STAR INC is a covered employer within the meaning of the FLSA and the NYLL, and, at all times, employed Plaintiff similarly situated employees.

30.    Defendant 467 SANAA STAR INC exercised control, oversight, and direction over Plaintiff and similarly situated employees.

31.    Defendant 467 SANAA STAR INC employed Plaintiff.

32.    Defendant 467 SANAA STAR INC (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records.

33.    Defendant 467 SANAA STAR INC maintains formal and functional control over Plaintiff's work and conditions of employment.

34.    Defendant 467 SANAA STAR INC applied the same employment policies, practices, and procedures to all employees, including policies, practices, and procedures with respect to payment of minimum wage, overtime compensation, spread of hours, and recordkeeping.

35.    Defendant 467 SANAA STAR INC is Plaintiff's employer as a matter of economic reality.

36.    Defendant 467 SANAA STAR INC is a covered employer within the meaning of the FLSA and the NYLL, and, at all times relevant, employed Plaintiffs similarly situated employees.

### 3.2.3. Defendant 467 STAR DELI INC

37.    Defendant 467 STAR DELI INC is a domestic business corporation, licensed to do business and doing business in New York with a service of process agent at the address 467 W 125TH ST, NEW YORK, NY, UNITED STATES, 10027.

38.    Defendant 467 STAR DELI INC is an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

4

39.    Defendant 467 STAR DELI INC is an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

40.    Defendant 467 STAR DELI INC had an annual gross volume of sales in excess of $500,000 within the three years prior to the filing of this Complaint.

41.    Defendant 467 STAR DELI INC listed itself as Plaintiff's employer on Plaintiff's pay stubs.

42.    Defendant 467 STAR DELI INC is a covered employer within the meaning of the FLSA and the NYLL, and, at all times, employed Plaintiff similarly situated employees.

43.    Defendant 467 STAR DELI INC exercised control, oversight, and direction over Plaintiff and similarly situated employees.

44.    Defendant 467 STAR DELI INC employed Plaintiff.

45.    Defendant 467 STAR DELI INC (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records.

46.    Defendant 467 STAR DELI INC maintains formal and functional control over Plaintiff's work and conditions of employment.

47.    Defendant 467 STAR DELI INC applied the same employment policies, practices, and procedures to all employees, including policies, practices, and procedures with respect to payment of minimum wage, overtime compensation, spread of hours, and recordkeeping.

48.    Defendant 467 STAR DELI INC is Plaintiff's employer as a matter of economic reality.

49.    Defendant 467 STAR DELI INC is a covered employer within the meaning of the FLSA and the NYLL, and, at all times relevant, employed Plaintiffs similarly situated employees.

### 3.2.4.  **Defendant WOW STAR DELI INC.**

50.     Defendant WOW STAR DELI INC. is a domestic business corporation, licensed to do business and doing business in New York with a service of process agent at the address 467 W 125TH ST, NEW YORK, NY, UNITED STATES, 10027.

51.     Defendant WOW STAR DELI INC. is an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

52.     Defendant WOW STAR DELI INC. is an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

53.     Defendant WOW STAR DELI INC. had an annual gross volume of sales in excess of $500,000 within the three years prior to the filing of this Complaint.

54.     Defendant WOW STAR DELI INC. is a covered employer within the meaning of the FLSA and the NYLL, and, at all times, employed Plaintiff similarly situated employees.

55.     Defendant WOW STAR DELI INC. exercised control, oversight, and direction over Plaintiff and similarly situated employees.

56.     Defendant WOW STAR DELI INC employed Plaintiff.

57.     Defendant WOW STAR DELI INC (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records.

58.     Defendant WOW STAR DELI INC maintains formal and functional control over Plaintiff's work and conditions of employment.

59.     Defendant WOW STAR DELI INC applied the same employment policies, practices, and procedures to all employees, including policies, practices, and procedures with respect to payment of minimum wage, overtime compensation, spread of hours, and recordkeeping.

60.    Defendant WOW STAR DELI INC is Plaintiff's employer as a matter of economic reality.

61.    Defendant WOW STAR DELI INC is a covered employer within the meaning of the FLSA and the NYLL, and, at all times relevant, employed Plaintiffs similarly situated employees.

### 3.2.5. <u>Defendant NYC STAR DELI INC</u>

62.    Defendant NYC STAR DELI INC. is a domestic business corporation, licensed to do business and doing business in New York with a service of process agent at the address 467 W 125TH ST, NEW YORK, NY, UNITED STATES, 10027.

63.    Star Deli is an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

64.    Defendant NYC STAR DELI INC. is an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

65.    Defendant NYC STAR DELI INC. had an annual gross volume of sales in excess of $500,000 within the three years prior to the filing of this Complaint.

66.    Defendant NYC STAR DELI INC. is a covered employer within the meaning of the FLSA and the NYLL, and, at all times, employed Plaintiff similarly situated employees.

67.    Defendant NYC STAR DELI INC. exercised control, oversight, and direction over Plaintiff and similarly situated employees.

68.    Defendant NYC STAR DELI INC employed Plaintiff.

69.    Defendant NYC STAR DELI INC (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records.

70.    Defendant NYC STAR DELI INC maintains formal and functional control over Plaintiff's work and conditions of employment.

71.     Defendant NYC STAR DELI INC applied the same employment policies, practices, and procedures to all employees, including policies, practices, and procedures with respect to payment of minimum wage, overtime compensation, spread of hours, and recordkeeping.

72.     Defendant NYC STAR DELI INC is Plaintiff's employer as a matter of economic reality.

73.     Defendant NYC STAR DELI INC is a covered employer within the meaning of the FLSA and the NYLL, and, at all times relevant, employed Plaintiffs similarly situated employees.

4. **FACTUAL ALLEGATIONS**

4.1. **Wage and Hour Allegations**

74.     Plaintiff performed physical work responsibilities including, inter alia, working as a deli worker, preparing sandwiches, stocking merchandise, and cleaning the store by sweeping and mopping the floors.

75.     While working as an outside service professional, Plaintiff, JUAN GODINEZ CORTES, spent more than 25% of his working time engaged in physical labor.

76.     Plaintiff worked for Defendants from approximately March 2022 until on or about December 15, 2022.

77.     Plaintiff's pay was delayed such that he was paid more than seven days after each work week at times.

78.     From approximately April 2022 to December 15, 2022, Plaintiff was paid $13.00 per hour worked.

79.     Plaintiff was not paid minimum wage for each hour worked.

80.     Plaintiff was not paid time and a half for the hours worked over 40 per week.

81.     From approximately March 2022 to December 2022, Plaintiff worked six days per week, Monday through Saturday for approximately 48 hours per week.

82.     In addition to Plaintiff's regular schedule, every two months, Plaintiff worked approximately two additional shifts which lasted approximately eight hours each.

**4.2. <u>Defendants' Payroll Recordkeeping Practices.</u>**

83.     Defendants failed to keep accurate records of the number of hours worked each day by Plaintiff and similarly situated employees.

84.     Defendants failed to keep accurate records of the number of hours worked each week by Plaintiff and similarly situated employees.

85.     Defendants failed to keep accurate records of the time of arrival and departure of each employee for each work shift of Plaintiff and similarly situated employees.

86.     Defendants failed to keep accurate records of the regular wages earned by Plaintiff and similarly situated employees.

87.     Defendants failed to keep accurate records of overtime wages earned by Plaintiff and similarly situated employees.

88.     Defendants failed to keep accurate records of tip credits claimed as part of Plaintiff and similarly situated employees' wages.

89.     Plaintiff and similarly situated employees were not given accurate wage statements with each payment of wages as required by the NYLL.

90.     Plaintiff and similarly situated employees were not given an accurate wage notice at the time of hiring or when rates of pay changed that, inter alia, accurately reflected rate or rates of pay and number of hours worked per week, as required by the NYLL.

91.     In failing to provide proper wage statements and notices, Defendants have failed to comply with the law in a manner that clearly entails a concrete risk of harm to an interest identified by the New York State legislature. Defendants' failure to provide such notices trivializes the importance of these notices in protecting Plaintiff' interest in ensuring proper pay. Despite

Defendants' conduct, there is a reason why the New York legislature concluded that enacting wage notice provisions would "far better protect workers' rights and interests" than existing penalties. See N.Y. Spons. Mem., 2010 S.B. 8380. Written notices function as a means of apprising employees of their rights and of their employer's obligations towards them, empowering employees to advocate for themselves. Deprivation of such notices necessarily entails a significant risk of harm to the employees' concrete interest in being paid properly and timely.

92.     Here, Defendants' failure goes beyond generating a risk of harm to Plaintiff and Class members. Defendants' conduct harmed Plaintiff and Class members. Defendants' failure to provide paystubs listing all hours and rates of pay, including overtime hours and overtime rates, deprived employees of the ability to contest Defendants' calculations, allowed Defendants to hide their wrong-doing, and necessitated the current litigation to vindicate Plaintiff and Class members' rights. This conduct ensured Defendants' ability to further delay providing proper compensation to low wage earners entitled to protection under federal and state law. Moreover, Defendants failure to provide wage notices allowed Defendants to hide the proper frequency of pay to employees. Defendants' failure to provide a wage notice to employees allowed Defendants to hide their responsibility and deprive employees of timely compensation.

93.     Written notices function as a means of apprising employees of their rights and of their employer's obligations towards them, empowering employees to advocate for themselves. Deprivation of such notices necessarily entails a significant risk of harm to the employees' concrete interest in being properly paid.

94.     Due to Defendants' failure to provide legally mandated notices such as earning statements and wage notices, Defendants were able to hide their wrongdoing from employees, and continue to attempt to hide their wrongdoing necessitating the current litigation. The failure to

provide NYLL notices and statements continues to result in delayed payment of all proper wages owed.

### 4.3. <u>COLLECTIVE ACTION ALLEGATIONS</u>

95.     The claims in this Complaint arising out of the FLSA are brought by Plaintiff on behalf of himself and similarly situated individuals who worked at for Defendants since the date three years prior to the filing of this action and who elect to opt-in to this action (the "FLSA Collective").

96.     The FLSA Collective consists of employees who have been victims of Defendants' common policies and practices that have violated their rights under the FLSA by, *inter alia*, willfully denying them minimum wage, overtime pay and other monies.

97.     As part of their regular business practice, Defendants intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to the Plaintiff and the FLSA Collective. This policy and pattern or practice includes, but is not limited to:

a.  willfully failing to pay its employees, including Plaintiff and the FLSA Collective, minimum wages for all hours worked

b.  willfully failing to pay its employees, including Plaintiff and the FLSA Collective, the appropriate premium overtime wages for all hours worked in excess of 40 hours in a workweek;

c.  willfully failing to record all the time that its employees, including Plaintiff and the FLSA Collective, have worked for the benefit of Defendants.

98.     Defendants' unlawful conduct is pursuant to a corporate policy or practice of minimizing labor costs by failing to properly compensate Plaintiff and the FLSA Collective for the hours worked.

99.    Defendants are aware or should have been aware that federal law required them to pay Plaintiff and the FLSA Collective minimum wages for all the hours worked.

100.    Defendants are aware or should have been aware that federal law required them to pay Plaintiff and the FLSA Collective overtime premiums for hours worked in excess of 40 hours per week.

101.    The FLSA Collective would benefit from the issuance of a court supervised notice of this lawsuit and the opportunity to join it. This notice should be sent to the FLSA Collective pursuant to 29 U.S.C. § 216(b).

102.    Upon information and belief, those similarly situated employees are known to Defendants, are readily identifiable, and can be located through Defendants' records.

103.    Defendants engaged in deceptive conduct to lead Plaintiff and Collective and Class Members to believe that they were not entitled to overtime which prevented Plaintiff and Collective and Class Members from discovering or asserting their claims any earlier.

**5.  CAUSES OF ACTION**

**5.1. FIRST CAUSE OF ACTION – Fair Labor Standards Act – Unpaid Minimum Wages**

104.    Plaintiff repeats, reiterates, and incorporates all foregoing paragraphs as if fully set forth herein.

105.    Plaintiff consented in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b).

106.    At all times relevant, Plaintiff and the members of the FLSA Collective were or have been employees within the meaning of 29 U.S.C. §§ 201 et seq.

107.    At all times relevant, Defendants have been employers of Plaintiff and the members of the FLSA Collective, engaged in commerce and /or the production of goods for commerce within the meaning of 29 U.S.C. §§ 201 et seq.

108.    Defendants have failed to pay Plaintiff and the members of the FLSA Collective the minimum wages to which they are entitled under the FLSA.

109.    Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional. Defendants were aware or should have been aware that the practices described in this Class Action Complaint were unlawful. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff and the members of the FLSA Collective.

110.    Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. §§ 201 et seq.

111.    As a result of Defendants' willful violations of the FLSA, Plaintiff and the members of the FLSA Collective have suffered damages by being denied minimum wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. §§ 201 et seq.

**5.2. <u>SECOND CAUSE OF ACTION - Fair Labor Standards Act - Overtime Wages</u>**

112.    Plaintiff repeats, reiterates, and incorporates all foregoing paragraphs as if fully set forth herein.

113.    Defendants have failed to pay Plaintiff and the members of the FLSA Collective the premium overtime wages to which they are entitled under the FLSA for all hours worked beyond 40 per workweek.

114.    Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful.

115.    Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff and the members of the FLSA Collective.

116.    Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. §§ 201 et seq.

117.    As a result of Defendants' willful violations of the FLSA, Plaintiff and the members of the FLSA Collective have suffered damages by being denied overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. §§ 201 et seq.

### 5.3.  **THIRD CAUSE OF ACTION - New York Labor Law - Unpaid Minimum Wages**

118.    Plaintiff repeats, reiterates, and incorporates all foregoing paragraphs as if fully set forth herein.

119.    Defendants have engaged in a widespread pattern, policy, and practice of violating the NYLL, as detailed in this Complaint.

120.    At all times relevant, Plaintiff has been an employee of Defendants, and Defendants have been employers of Plaintiff within the meaning of the NYLL §§ 650 et seq., and the supporting New York State Department of Labor Regulations.

121.    Defendants have failed to pay Plaintiff the minimum hourly wages to which they are entitled under the NYLL and the supporting New York State Department of Labor Regulations.

122.    Through their knowing or intentional failure to pay minimum hourly wages to Plaintiff, Defendants have willfully violated the NYLL, Article 19, §§ 650 et seq., and the supporting New York State Department of Labor Regulations.

123.    Due to Defendants' willful violations of the NYLL, Plaintiff and the members of the Rule 23 Class are entitled to recover from Defendants their unpaid minimum wages, liquidated

damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

**5.4.  FOURTH CAUSE OF ACTION - New York Labor Law - Unpaid Overtime**

124.    Plaintiff repeats, reiterates, and incorporates all foregoing paragraphs as if fully set forth herein.

125.    Defendants have failed to pay Plaintiff the premium overtime wages to which they are entitled under the NYLL and the supporting New York State Department of Labor Regulations for all hours worked beyond 40 per workweek.

126.    Through their knowing or intentional failure to pay Plaintiff overtime wages for hours worked in excess of 40 hours per workweek, Defendants have willfully violated the NYLL, Article 19, §§ 650 et seq., and the supporting New York State Department of Labor Regulations.

127.    Due to Defendants' willful violations of the NYLL, Plaintiff and the members of the Rule 23 Class are entitled to recover from Defendants their unpaid overtime wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

**5.5.  FIFTH CAUSE OF ACTION - New York Labor Law - Failure to Provide Wage Notices**

128.    Plaintiff repeats, reiterates, and incorporates all foregoing paragraphs as if fully set forth herein.

129.    Pursuant to Section 195(1) of the NYLL, an employer is required to provide its employees at the time of hiring a notice containing information, such as, "the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; ... the regular pay day designated by the employer ...; [and] the name of the employer .... For all employees who are not exempt from overtime compensation ..., the notice must sate the regular hourly rate and overtime rate of pay."

130.    Pursuant to Section 198-1(b) of the NYLL, an employee that does not receive a wage notification, as required by NYLL § 195(1), may bring a civil action to recover damages of $250 for each workday that the violation occurs or continues to occur, but not to exceed $5,000.

131.    At the time of hire, Defendants did not provide Plaintiff, JUAN GODINEZ CORTES, or members of the putative class with wage notifications informing them of, among other things, (1) their regular rates of pay, (2) their overtime rates of pay, (3) the basis of their rates of pay (e.g., whether they were hourly employees), or (4) the regular pay day designated by Defendants.

132.    Defendants violated NYLL § 195(1) by failing to provide Plaintiff and members of the putative class with wage notifications containing the information required by NYLL § 195, et seq.

133.    The failure of Defendants to provide Plaintiff and members of the putative class with wage notifications in violation of NYLL § 195 was willful.

134.    By the foregoing reasons, Defendants are liable to Plaintiff and members of the putative class the statutory amounts, plus attorney's fees, costs, and any other damages permitted under the NYLL.

### 5.6. SIXTH CAUSE OF ACTION - New York Labor Law - Failure to Provide Accurate Wage Statements

135.    Plaintiff repeats, reiterates, and incorporates all foregoing paragraphs as if fully set forth herein.

136.    Pursuant to Section 195(3) of the New York Labor Law, an employer is required to furnish each employee with a statement with every payment of wages that identifies, among other things, whether the employee is paid by the hour, shift, day, week, salary, piece, commission, or in another manner. For employees that are not exempt from overtime compensation under New York state law or regulation, such wage statement must also include "the regular hourly rate or rates of

pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked."

137.    Pursuant to Section 198-1(d) of the New York Labor Law, an employee that does not receive a wage statement, as required by NYLL § 195(3), may bring a civil action to recover damages of $50 for each workday that the violation occurs or continues to occur, but not to exceed $5,000.

138.    Named Plaintiff and members of the putative class did not receive any wage statements from the Defendants.

139.    Defendants violated NYLL § 195(3) by failing to provide Named Plaintiff and members of the putative class with wage statements containing the information required by NYLL § 195(3).

140.    The failure of Defendants to provide Named Plaintiff and members of the putative class with wage statements in violation of NYLL § 195 was willful.

141.    By the foregoing reasons, Defendants are liable to Plaintiff and members of the putative class and collective the statutory amounts, plus attorney's fees, costs, and any other damages permitted under the NYLL.

**5.7. <u>SEVENTH CAUSE OF ACTION – Untimely Paid Wages</u>**

142.    Plaintiff repeats, reiterates, and incorporates all foregoing paragraphs as if fully set forth herein.

143.    Throughout the employment, Plaintiff spent at least 25% of the working time performing physical tasks.

144.    Plaintiff was a "manual worker" within the meaning of NYLL § 191(1)(a).

145.    Defendants should have paid Plaintiff on a weekly basis, "and not later than seven calendar days after the end of the week in which the wages were earned." N.Y. Lab. L. § 191(1)(a).

6. **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff on behalf of themselves and all other similarly situated employees, respectfully requests that this Court grant the following relief:

a. Designate this action as a collective action on behalf of the FSLA Collective and authorize the prompt issuance of a notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

b. Declare that Defendants violated the minimum wage provisions of the FLSA and NYLL;

c. Declare that Defendants violated the overtime provisions of the FLSA and NYLL;

d. Declare that Defendants violated timely pay provisions of the NYLL;

a. Declare Defendants violated the notice and recordkeeping provisions of the NYLL and WTPA;

b. Declare that Defendants' violations of the FLSA and NYLL were willful;

c. Award Plaintiff, the FLSA Collective unpaid minimum wages under the FLSA and NYLL;

d. Award Plaintiff, the FLSA Collective, and unpaid overtime wages under the FLSA and NYLL;

e. Award Plaintiff damages for untimely payments under the NYLL;

f. Award Plaintiff, the FLSA Collective liquidated damages under the FLSA;

g. Award Plaintiff, the FLSA Collective liquidated damages under the NYLL;

h. Award Plaintiff, the FLSA Collective damages for failure to lawfully issue wage notices under the NYLL;

i. Award Plaintiff, the FLSA Collective damages for failure to lawfully issue wage statements under the NYLL;

j.   Award Plaintiff, the FLSA Collective prejudgment and post-judgment interest;

k.   Award of costs, expenses, and reasonable attorneys' and expert fees; and,

l.   Award such other and further relief as this Court deems just and proper.

## 7.  **DEMAND FOR TRIAL BY JURY**

146.   Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a

trial by jury in this action.

Dated: Astoria, New York                    Saco & Fillas, LLP
           July 20, 2023

By:   _____ */s/ Clifford Tucker_____
           Clifford Tucker, Esq.
           31-19 Newtown Ave., 7th Floor.
           Astoria, New York 11102
           Ph: 718-269-2243
           CTucker@SaccoFillas.com

NOTICE OF INTENTION TO ENFORCE SHAREHOLDER LIABILITY FOR SERVICES RENDERED

TO: 467 SANAA STAR INC, 467 STAR DELI INC., WOW STAR DELI INC., and NYC STAR DELI INC

PLEASE TAKE NOTICE THAT pursuant to the provisions of Section 630 of the Business Corporation Law of New York and Section 609 of the Limited Liability Company Law of New York, you are hereby notified that the Plaintiff and others similarly situated intend to charge you and hold you personally liable, jointly and severally, as one of the ten largest shareholders and/or members of 467 SANAA STAR INC, 467 STAR DELI INC., WOW STAR DELI INC., and NYC STAR DELI INC for all debts, wages, and/or salaries due and owing to them as laborers, servants, and/or employees of the said corporation/LLC for services performed by them for the said corporation/LLC within the six (6) years preceding the date of this notice and have expressly authorized the undersigned, as their attorney, to make this demand on their behalf.

Dated: Astoria, New York                          Saco & Fillas, LLP
          July 20, 2023

                                          By: _____ /s/ *Clifford Tucker* _____
                                           Clifford Tucker, Esq.
                                           31-19 Newtown Ave., 7th Floor.
                                           Astoria, New York 11102
                                           Ph: 718-269-2243
                                           CTucker@SaccoFillas.com

DEMAND BY EMPLOYEES TO INSPECT SHARE RECORDS AND MINUTES PURSUANT
TO SECTION 624 OF THE NEW YORK STATE BUSINESS CORPORATION LAW

TO: 467 SANAA STAR INC, 467 STAR DELI INC., WOW STAR DELI INC., and NYC STAR
DELI INC

PLEASE TAKE NOTICE THAT the Plaintiff and others similarly situated as employees of the
above corporation or LLC who intend to demand, pursuant to the provisions of Section 630 of the
Business Corporation Law of New York, and Section 609 of the Limited Liability Company Law of
New York, payment of debts, wages, and/or salaries due and owing to them as laborers, servants,
and/or employees of the above corporation or LLC for services performed by them for the above
corporation or LLC within the six (6) years preceding the date of this notice from the ten largest
shareholders of the above corporation or LLC, and who have expressly authorized the undersigned,
as their attorney, to make this demand on their behalf.

HEREBY DEMAND the right to examine, in person or by agent or attorney, during usual business
hours, the minutes of the proceedings of the shareholders and records of shareholders of the above
corporation/LLC and to make extracts therefrom on or after five (5) days from receipt of this
notice.

Dated: Astoria, New York                    Saco & Fillas, LLP
        July 20, 2023

                                              By: _____ /s/ *Clifford Tucker*_____
                                               Clifford Tucker, Esq.
                                               31-19 Newtown Ave., 7th Floor.
                                               Astoria, New York 11102
                                               Ph: 718-269-2243
                                               CTucker@SaccoFillas.com

## CONSENT TO JOIN ACTION

### REQUEST TO BECOME A PARTY-PLAINTIFF

I hereby consent to be a party plaintiff in an action to recover unpaid wages, including but not limited to minimum wages, overtime, spread of hours, gratuities, statutory and liquidated damages, attorney's fees, costs, interest, and other sums owing to me and other similarly situated employees under the federal Fair Labor Standards Act, New York Labor Law, and implementing regulations and wage orders.

I hereby authorize Sacco & Fillas LLP to pursue any claims I may have, including such litigation as may be necessary, and I hereby consent, agree, and option to become a plaintiff herein and to be bound by any settlement of this action or adjudication by the Court.

Translation / Traducción:

Por la presente, doy mi consentimiento para ser parte demandante en una acción para recuperar salarios no pagados, incluidos, entre otros, salarios mínimos, horas extras, horarios extendidos, gratificaciones, daños legales y liquidados, honorarios de abogados, costos, intereses y otras sumas que se me adeudan. y otros empleados en situaciones similares bajo la Ley Federal de Normas Laborales Justas, la Ley Laboral de Nueva York y las reglamentaciones de implementación y órdenes salariales.

Por la presente, autorizo a Sacco & Fillas LLP a presentar cualquier reclamo que pueda tener, incluido el litigio que sea necesario, y por la presente consiento, acepto y tengo la opción de convertirme en demandante en este documento y estar obligado por cualquier acuerdo de esta acción o adjudicación por La corte.

Name/Nombre: _Juan Godinez Cortes_

Legal Representative:
Sacco & Fillas LLP
3119 Newtown Ave, Seventh Floor
Astoria, NY 11102

Signature/Firma: _____     Date/Fecha: __6/22/23__