UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **JUAN GODINEZ CORTES,** *on behalf of themselves and all others similarly situated*,<br>　　　　　　　　　　**Plaintiff,**<br><br>**SULTAN ALMUNTASER, et al.,**<br>　　　　　　　　　　**Defendants.** | 23-cv-6268 (ALC)<br><br>**<u>DEFAULT JUDGMENT</u>** |

**ANDREW L. CARTER, United States District Judge:**

　　Plaintiff Juan Godinez Cortez brings this action, individually and on behalf of all others similarly situated, against Defendants to recover unpaid minimum and overtime wages, spread of hours, statutory and liquidated damages, and other monies pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, and the New York Labor Law § 190.  ECF No. 1.

　　After Plaintiff obtained Certificates of Default from the Clerk of the Court, he made the instant motion for default judgment against Defendants. *See* ECF Nos. 22-27, 29. For the following reasons, Plaintiff's motion for default judgment is **GRANTED**.

BACKGROUND

I.　**Factual Background**

　　From approximately March 2022 until on or about December 15, 2022, Plaintiff, was employed as a deli worker and food preparer at Defendants' Deli Grocery Store at 467 W 125th STREET, NEW YORK, NEW YORK, 10027 under the names of 467 SANAA STAR INC., 467 STAR DELI INC., WOW STAR DELI INC., and NYC STAR DELI INC., respectively (collectively "subject Deli Grocery Stores"). ECF No. 1; Exhibit A (¶ 81); Exhibit D (¶ 30).

　　Plaintiff's duties involved preparing food, stocking, and cleaning. Exhibit D (¶ 1). Plaintiff worked approximately 48 hours per week. ECF No. 1; Exhibit A (¶ 81); Exhibit D (¶ 31).

Defendant 467 SANAA STAR INC. is a New York corporation that owns, operates, and does business as Deli Grocery Store, located at 467 W 125th Street, New York, New York, 10027 ECF No. 1; Exhibit A (¶ 26); Exhibit D (¶ 3). Defendant 467 SANAA STAR INC. is an "enterprise engaged in interstate commerce" within the meaning of the FLSA. ECF No. 1; Exhibit A (¶ 27); Exhibit D (¶ 4). Defendant 467 SANAA STAR INC. has employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person. ECF No. 1; Exhibit A (¶ 6); Exhibit D (¶ 5). In the three years preceding the filing of this Complaint, 467 SANAA STAR INC. has had an annual gross volume of sales in excess of $500,000. ECF No. 1; Exhibit A (¶ 28); Exhibit D (¶ 6).

Defendant 467 STAR DELI INC. is a New York corporation that owns, operates, and does business as Deli Grocery Store, located at 467 W 125th Street, New York, New York, 10027 ECF No. 1; Exhibit A (¶ 37); Exhibit D (¶ 7). Defendant 467 STAR DELI INC. is an "enterprise engaged in interstate commerce" within the meaning of the FLSA. ECF No. 1; Exhibit A (¶ 38); Exhibit D (¶ 8). In the three years preceding the filing of this Complaint, 467 STAR DELI INC. has had an annual gross volume of sales in excess of $500,000. ECF No. 1; Exhibit A (¶ 40); Exhibit D (¶ 10). Defendant WOW STAR DELI INC. is a New York corporation that owns, operates, and does business as Deli Grocery Store, located at 467 W 125th Street, New York, New York, 10027. ECF No. 1; Exhibit A (¶ 50); Exhibit D (¶ 11). Defendant WOW STAR DELI INC. is an "enterprise engaged in interstate commerce" within the meaning of the FLSA. ECF No. 1; Exhibit A (¶ 51); Exhibit D (¶ 12). Defendant WOW STAR DELI INC. has employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working

2

on goods or materials that have been moved in or produced for commerce by any person. ECF No. 1; Exhibit A (¶ 51); Exhibit D (¶ 13). In the three years preceding the filing of this Complaint, WOW STAR DELI INC. has had an annual gross volume of sales in excess of $500,000. ECF No. 1; Exhibit A (¶ 55); Exhibit D (¶ 14).

Defendant NYC STAR DELI INC. is a New York corporation that owns, operates, and does business as Deli Grocery Store, located at 467 W 125th Street, New York, New York, 10027. ECF No. 1; Exhibit A (¶ 62); Exhibit D (¶ 15). Defendant NYC STAR DELI INC. is an "enterprise engaged in interstate commerce" within the meaning of the FLSA. ECF No. 1; Exhibit A (¶ 64); Exhibit D (¶ 16). 5 Defendant NYC STAR DELI INC. has employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person. ECF No. 1; Exhibit A (¶ 64); Exhibit D (¶ 17). In the three years preceding the filing of this Complaint, NYC STAR DELI INC. has had an annual gross volume of sales in excess of $500,000. ECF No. 1; Exhibit A (¶ 65); Exhibit D (¶ 18).

Defendant Sultan Almuntaser is the president of the subject Deli Grocery Stores. Exhibit D (¶ 19). Defendant Sultan Almuntaser is the Chief Executive Officer of the subject Deli Grocery Stores. Exhibit D (¶ 19). Defendant Sultan Almuntaser hired Plaintiff Juan Cortes Godinez. ECF No. 1; Exhibit A (¶ 18); Exhibit D (¶ 22). Defendant Sultan Almuntaser paid Plaintiff Juan Cortes Godinez on a regular basis. ECF No. 1; Exhibit A (¶ 21); Exhibit D (¶ 22). Defendant Sultan Almuntaser held himself out as the person who set Plaintiff Juan Cortes Godinez's salary. ECF No. 1; Exhibit A (¶ 17); Exhibit D (¶ 22). Defendant Sultan Almuntaser maintained payroll records. ECF No. 1; Exhibit A (¶ 17); Exhibit D (¶ 24) Defendant Sultan Almuntaser had the

3

power to hire and fire Plaintiff Juan Cortes Godinez. ECF No. 1; Exhibit A (¶ 17); Exhibit D (¶ 23). Defendant Sultan Almuntaser set the subject Deli Grocery Stores' payroll policies, including the unlawful practices complained of herein. ECF No. 1; Exhibit A (¶ 17). 6 Defendant Sultan Almuntaser exercised sufficient control over Defendants' operations and Plaintiff Juan Cortes Godinez's employment to be considered his employer under the FLSA and NYLL. ECF No. 1; Exhibit A (¶ 23-25). Defendant Sultan Almuntaser is the manager of the subject Deli Grocery Stores. Exhibit D (¶ 28). Defendant Sultan Almuntaser maintains access and/or control over the business license of the subject Deli Grocery Stores. Exhibit D (¶28). Throughout Plaintiff JUAN GODINEZ CORTES's employment, Defendant Sultan Almuntaser participated in the day-to-day operations of the subject Deli Grocery Stores. Exhibit D (¶ 24). Defendant Sultan Almuntaser set Plaintiff JUAN GODINEZ CORTES's hours. ECF No. 1; Exhibit A (¶ 17); Exhibit D (¶26). Defendant Sultan Almuntaser supervised Plaintiff JUAN GODINEZ CORTES. ECF No. 1; Exhibit A (¶ 17); Exhibit D (¶ 27). Defendant Sultan Almuntaser exercised sufficient control over Defendants' operations and Plaintiff JUAN GODINEZ CORTES's employment to be considered his employer under the FLSA and NYLL. ECF No. 1; Exhibit A (¶ 24).

The subject Deli Grocery Stores had approximately (4) employees. Exhibit D (¶ 29).

From approximately March 14, 2022, to approximately December 15, 2022, Plaintiff worked at the subject Deli Grocery Stores' location at 467 West 125th Street, New York, New York, 10027. Exhibit A (¶ 8); Exhibit D (¶ 31). From approximately March 14, 2022, through approximately June 30, 2022, Plaintiff worked the following schedule: six days per week, from approximately 7:00 a.m. to approximately 3:00 p.m. (total: approximately 48 hours per week). ECF No. 1; Exhibit A (¶ 81); Exhibit D (¶ 32).

From approximately July 1, 2022, through approximately December 15, 2022, Plaintiff worked the following schedule: six days per week, from approximately 3:00 p.m. to approximately 11:00 p.m. (total: approximately 48 hours per week). ECF No. 1; Exhibit A (¶ 81); Exhibit D (¶ 33). In addition to Plaintiff's regular schedule, every two months, Plaintiff worked approximately two additional shifts which lasted approximately eight hours each. ECF No. 1; Exhibit A (¶ 82); Exhibit D (¶ 34) From approximately March 14, 2022, through approximately December 15, 2022, Plaintiff was paid approximately $13 per hour, straight time, for all hours worked. Exhibit D (Pars. 33-34).

Defendants have not furnished Plaintiff with wage statements with each payment of wages as required by the NYLL. ECF No. 1; Exhibit A (Pars. 34, 47, 59, and 71); Exhibit D (¶ 37). Defendants have not furnished Plaintiff with wage notices with as required by the NYLL. ECF No. 1; Exhibit A (¶ 90); Exhibit D (¶ 38).

## Procedural History

On July 20, 2023, Plaintiff filed this action against Defendants. (ECF No. 1). On June 29, 2023, Steinmetz served the summons and Complaint for this action via Empire Limo's registered agent. Proof of service was filed with this Court on August 2, 2023 against Defendant Almuntaser, on August 10, 2023 against Defendant Wow Star Deli Inc., and on August 16, 2023 against NYC Star Deli. (ECF No. 8).

To date, Defendants have not filed an answer to Plaintiff's Complaint or otherwise appeared in this action. Plaintiff requested entries of default against Defendants on September 21, 2023. (ECF Nos. 17-21). On September 22, 2023, default was entered against Defendants by the Clerk of Court via certificates of Default. (ECF Nos. 23-27). The Court then directed Steinmetz to

file the instant Motion on or before November 2, 2023. (ECF No. 28). Steinmetz now seeks an entry of default judgment for violations of the FLSA and NYLL. (ECF No. 29).

## LEGAL STANDARD

Rule 55 of the Federal Rules of Civil Procedure sets out a two-step process for the entry of default judgment. *See Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1993). First, the Clerk of the Court automatically enters a certificate of default after the party seeking a default submits an affidavit showing that the other party "has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a); Local Civil Rule 55.1. Second, after a certificate of default has been entered by the Clerk, the court, on plaintiff's motion, will enter a default judgment against a defendant that has failed to plead or otherwise defend the action brought against it. *See* Fed. R. Civ. P. 55(b)(2).

By failing to answer the allegations in a complaint, the defaulting defendant admits the plaintiff's allegations. Fed. R. Civ. P. 8(b)(6) ("An allegation-other than the one relating to the amount of damages-is admitted if a responsive pleading is required and the allegation is not denied."). However, a district court "need not agree that the alleged facts constitute a valid cause of action." *City of N.Y. v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 (2d Cir. 2011) (quoting *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981)) (internal quotation marks omitted). Rather, the Second Circuit of Appeals has "suggested that, prior to entering default judgment, a district court is 'required to determine whether the [plaintiff's] allegations establish [the defendant's] liability as a matter of law.'" *Mickalis Pawn Shop*, 645 F.3d at 137 (quoting *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009)). In making this determination, the court draws all reasonable inferences in the plaintiff's favor. *Au Bon Pain*, 653 F.2d at 65.

6

Additionally, "while a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages." *Greyhound Exhibitgroup, Inc. v. E.L. U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992). To secure a default judgment for damages, the plaintiff must produce evidence sufficient to establish damages with "reasonable certainty." *Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors, Inc.*, 699 F.3d 230, 235 (2d Cir. 2012) (quoting *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999)) (internal quotation marks omitted).

## DISCUSSION

In light of Defendant's default, the Court accepts as true the well-pleaded allegations in the Complaint, with the exception of those allegations relating to damages. *See Union of Orthodox Jewish Congregations of Am. v. Royal Food Distribs. LLC*, 665 F. Supp. 2d 434, 436 (S.D.N.Y. 2009) ("When the Court enters a default judgment, as regards liability it must accept as true all of the factual allegations of the complaint, but the amount of damages are not deemed true.") (internal citations, alterations, and quotation marks omitted). Defendants therefore have breached their federal and state statutory obligations to pay Plaintiff his required minimum and overtime wages under FLSA and NYLL.

### I.     FLSA and NYLL Minimum Wage and Overtime Requirements

When an employee is subject to both the federal and state wage laws, the employee is entitled to the provisions of each law which provide the greater benefits. *See e.g., Davis v. 2192 Niagara St., LLC*, No. 15-CV-00429A(F), 2016 WL 8969124 (W.D.N.Y. July 26, 2016*); see also Copantitla v. Fiskardo Estiatorio, Inc*., 788 F. Supp. 2d 253, 290 (S.D.N.Y. 2011). Defendants fell within the ambit of the New York Hospitality Industry Wage Order. "Restaurant" is defined as

"any eating or drinking place that prepares and offers food or beverage for human consumption either on any of its premises or by such service as (…) counter service to the public, to employees, or to members or guests of members, and services in connection therewith or incidental thereto." N.Y. Comp. Codes R. & Regs. tit. 12, § 146-3.1. Throughout Plaintiff's employment, Defendants prepared and offered food to customers via counter service and table service for immediate human consumption and advertise themselves as a "deli." *See e.g.*, https://maps.app.goo.gl/V4sJcKfmZU5ixdb1A (storefront of Sanaa Star Deli Inc. offering hot and cold sandwiches, hot coffee, gourmet cheeseburgers, halal food, chicken wings, fresh salads, snacks, and milk) https://maps.app.goo.gl/stP511ikN3fpa1KH8 (Google Image view from March 2022 offering the same as well as slushies below letter "467 Star Deli Inc."); *see also* Exhibit D. Both the FLSA and NYLL require the covered employers pay non-exempt employees a minimum hourly rate. 29 U.S.C. § 206; NYLL § 652; 12 N.Y.C.R.R. 146-1.2. The NYLL statutory period commenced on February 8, 2016. N.Y. Lab. Law § 198 ("an action to recover upon a liability imposed by this article must be commenced within six years"). Plaintiff's employment period in this case spans from approximately March 14, 2022, to approximately December 15, 2022, and is therefore entirely in the statute of limitations period. ECF No. 1; Exhibit A (¶ 76); Exhibit D (Plaintiff's declaration).

The relevant minimum wage rates in New York State were as follows: $15.00 per hour on and after December 31, 2018." N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.2. Under the New York Hospitality Industry Wage Order and the federal Fair Labor Standards Act, "an employer shall pay an employee for overtime at a wage rate of 1 and 1/2 times the employee's regular rate for hours worked in excess of 40 hours in one workweek." N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.4;

8

see also 29 U.S.C. § 207(a)(1).  In this case, from approximately March 22, 2022, through approximately December 15, 2022, Plaintiff worked the following schedule: From approximately March 14, 2022, through approximately June 30, 2022, Plaintiff worked the following schedule: six days per week, from approximately 7:00 a.m. to approximately 3:00 p.m. (total: approximately 48 hours per week). ECF No. 1; Exhibit A (¶ 81); Exhibit D (¶ 32). From approximately July 1, 2022, through approximately December 15, 2022, Plaintiff worked the following schedule: six days per week, from approximately 3:00 p.m. to approximately 11:00 p.m. (total: approximately 48 hours per week). ECF No. 1; Exhibit A (¶ 81); Exhibit D (¶ 33). In addition to Plaintiff's regular schedule, every two months, Plaintiff worked approximately two additional shifts which lasted approximately eight hours each. ECF No. 1; Exhibit A (¶ 82); Exhibit D (¶ 34). 8. Plaintiff Juan Godinez Cortes was paid wages in cash. From approximately March 14, 2022, through approximately December 15, 2022, Plaintiff was paid approximately $13 per hour. ECF No. 1; Exhibit A (¶ 81); Exhibit D (Pars. 33-34).

"An employer shall pay an employee for overtime at a wage rate of 1½ times the employee's regular rate for hours worked in excess of 40 hours in one workweek." N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.4. 11. The onus is on an employer to maintain records of employees' hours worked and wages paid. 29 U.S.C. §211(c); N.Y. Comp. Codes R. & Regs. tit. 12, § 146-2.1. "In a FLSA case, in the absence of rebuttal by [D]efendants, [P]laintiff's recollection and estimates of hours worked are presumed to be correct." Liu v. Jen Chu Fashion Corp., No. 00 CIV.4221 RJH AJP, 2004 WL 33412, at *3 (S.D.N.Y. Jan. 7, 2004). As Defendants are in default and therefore produced no records, Plaintiff relies on his declaration to substantiate the hours he worked and pay

he received. Plaintiff is entitled to $12,996.00 in unpaid wages and overtime from Defendants. Exhibit E (damages calculation, column: "Unpaid Wages").

## II. Violation of Wage Notice and Statement Requirements

Defendants did not give Plaintiff a wage notice at the start of employment or annually, or an accurate and lawful wage statement with each payment of wages as required by NYLL §§ 195(1) and 195(3). Plaintiff is therefore entitled to statutory damages in the maximum amount of $5,000 under each section, for a total of $10,000; NYLL §§ 195 and 198; *Mattia v. Ferrara Foods & Confections, Inc.*, No. 12 CV 3972 HB, 2013 WL 2339925 (S.D.N.Y. Apr. 18, 2013) (granting summary judgment on WTPA claims); Exhibit E (columns: "Annual Wage Notice" and "Weekly Wage Statement").

## III. Liquidated Damages

The FLSA and NYLL provides for a liquidated damages award "'unless the employer proves a good faith basis to believe that its underpayment of wages was in compliance with the law.'" McLean v. Garage Mgmt. Corp., No. 09 CIV. 9325 DLC, 2012 WL 1358739, at *6 (S.D.N.Y. Apr. 19, 2012) (quoting NYLL §198(1-a)); See 29 U.S.C. § 216[b] ("Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages"); *Jiaren Wei v. Lingtou Zhengs Corp.*, No. 13-CV-5164 FB CLP, 2015 WL 739943 (E.D.N.Y. Feb. 20, 2015).

Defendants cannot meet any burden to show good faith. Accordingly, Plaintiff is entitled to liquidated damages of 100% of unpaid minimum wages, overtime, and spread of hours set forth in damages calculation submitted as Exhibit E (columns "Liq. Damages" and "Liq. SoH").

IV. **Prejudgment Interest**

Under N.Y. C.P.L.R. § 5004, prejudgment interest runs at the rate of nine percent [9%] per annum simple interest. *See Perero v. Food Jungle, Inc.*, No. 05 Civ 4347, 2006 WL 2708055, at *8 [E.D.N.Y. Aug. 7, 2006]. As to the date from which interest is to be calculated, the statute states that "[w]here . . . damages were incurred at various times, interest [may] be computed . . . upon all of the damages from a single reasonable intermediate date." N.Y. C.P.L.R. § 5001[b]. Prejudgment interest is calculated in this case from the median date between March 14, 2022, and December 15, 2022, which is July 30, 2022 and as of November 2, 2023 is $1,474.07.

V. **Attorneys' Fees**

The FLSA and NYLL both contain fee-shifting provisions for actions to recover unpaid wages. 29 U.S.C. § 216(b) ("The court in such action shall, in addition to any judgment awarded to the Plaintiffs or Plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action"); N.Y. Labor Law § 663(1) ("[An employee] may recover . . . costs and such reasonable attorney's fees as may be allowed by the court"); *see, e.g., Guardado v. Precision Fin.*, Inc., No. 04-CV-3309 JS AKT, 2008 WL 822105 (E.D.N.Y. Mar. 25, 2008).

The Court finds that Plaintiff is entitled to reasonable attorneys' fees and costs incurred.

**CONCLUSION**

For the foregoing reasons, Plaintiff's motion for default judgment as to liability is **GRANTED**. The Clerk of the Court is respectfully requested to close the open motion at ECF No. 29. Plaintiff is awarded judgment against the Defendants in favor of Plaintiff in the total amount of $35,992.00, not including prejudgment interest, attorney's fees, and costs. Prejudgment interest

11

continues to run and should ultimately be computed through the date judgment is entered. Additionally, Plaintiff is entitled to $5,522.84 ($862.84 in costs and $4,660.00 in attorney's fees). If any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198[4].

**SO ORDERED.**

**Dated:** September 30, 2024
New York, New York

_____
**ANDREW L. CARTER, JR.**
**United States District Judge**